## Lowenstein, Appellant, *v.* Bache.

*Appeals—Assignments of error—Failure to assign error.*

Where the record of an appeal to the Superior Court shows that no assignments of error have been filed, the appeal will be dismissed. In such a case the omission is not cured by printing in the appellant's paper-book what purports to be an assignment.

The rule of court upon the subject is based on the substantial grounds that assignments of error are an essential part of the pleadings in the appellate court, and that when the case is disposed of and the record returned to the court below, the præcipe, assignments of error and plea thereto are all the papers which usually remain of record in the appellate court, as the basis of its judgment or decree, as the case may be. Therefore the omission to file assignment of errors is not a mere formal defect which the appellate court is at liberty to disregard.

Argued Oct. 23, 1908. Appeal, No. 164, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1907, No. 291, for defendant on demurrer in case of E. Lowenstein v. J. S. Bache et al., copartners, trading as J. S. Bache & Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Appeal dismissed.

Demurrer to statement in assumpsit.

PER CURIAM, November 9, 1908:

It was suggested by appellee's counsel, when this case was called for argument, that no assignments of error had been filed, and upon examination of the record this appears to be the case. The omission is not cured by printing in the appellant's

paper-book what purports to be an assignment. The rule of court upon the subject is based on the substantial grounds that assignments of error are an essential part of the pleadings in the appellate court, and that when the case is disposed of and the record returned to the court below, the præcipe, assignments of error and plea thereto are all the papers that usually remain of record in the appellate court, as the basis of its judgment or decree, as the case may be. Therefore the omission to file assignments of error is not a mere formal defect which we are at liberty to disregard.

The appeal is dismissed at the costs of the appellant without prejudice, however, to his right to trial by jury and a second appeal after final judgment.